# IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
## ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a MADISON-RIDGELAND
MEDICAL CLINIC, LLC

VS.                                                    CIVIL ACTION NO. 2011-1295-B

MCKESSON CORPORATION;
MCKESSON INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10

---

## COMPLAINT

---

COMES NOW Indira, Inc., P.A., d/b/a Madison-Ridgeland Medical Clinic, LLC,

Plaintiff in the above-styled cause and files this Complaint against McKesson Corporation,

McKesson Information Solutions, Inc., McKesson Information Solutions, LLC, McKesson

Technologies, Inc., and John Does 1 through 10, and would show unto the Court the following,

to-wit:

### PARTIES

1.      Plaintiff Indira, Inc., P.A., is a corporation organized under the laws of the State

of Mississippi.

2.      Defendant McKesson Corporation is a foreign corporation organized under the

laws of the State of Delaware with a principal place of business at One Post Street; San

Francisco, California 94104, and may be served with process through its registered agent, CSC

of Rankin County, Inc., 2829 Lakeland Drive, Suite 1502; Post Office Box 23546; Jackson,

Mississippi 39225-3546.

**EXHIBIT A**

**FILED**
THIS DATE

DEC 2 0 2011

ARTHUR JOHNSTON, CHANCERY CLERK
BY _____ D.C.

3.    Defendant McKesson Information Solutions, Inc., is a foreign corporation organized under the laws of the State of Delaware with a principal place of business at 5995 Windward Parkway; Alpharetta, Georgia 30005, and may be served with process through its registered agent, Corporation Service Company, 506 South President Street; Jackson, Mississippi 39201.

4.    Defendant McKesson Information Solutions, LLC., is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business at 2711 Centerville Road, Suite 400; Wilmington, Delaware 19808, and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 506 South President Street; Jackson, Mississippi 39201.

5.    Defendant McKesson Technologies, Inc., is a foreign corporation organized under the laws of the State of Delaware with a principal place of business at 5995 Windward Parkway; Alpharetta, Georgia 30005, and may be served with process through its registered agent, CSC of Rankin County, Inc., 2829 Lakeland Drive, Suite 1502; Post Office Box 23546; Jackson, Mississippi 39225-3546.

6.    Defendants John Does 1 through 10 are corporations, companies, firms, partnerships, individuals, organizations, and/or legal entities whose acts and omissions caused and contributed to the damages alleged herein and whose identities and addresses are not known to Plaintiff at this time.

## JURISDICTION AND VENUE

7.    Venue is proper with this Court, and this Court has jurisdiction over the subject matter and parties hereto.

-2-

8.     Jurisdiction is proper in this Court pursuant to MISS. CODE ANN. § 9-5-81 (2011) and Section 159 of the Mississippi Constitution, in addition to the fact that all of the claims asserted herein arise exclusively under Mississippi statutory or common law.

9.     This Court has personal jurisdiction over each Defendant because each of the Defendants does business in Mississippi, purposefully directs or directed its actions towards Mississippi, and/or had the requisite minimum contacts with Mississippi necessary to constitutionally permit the Court to exercise jurisdiction.

10.     Venue is proper pursuant to MISS. CODE ANN. § 11-11-3 (2011) due to the fact that substantial alleged acts of the Defendants which caused injury to the Plaintiff occurred in Madison County; moreover, the Plaintiff is a corporation organized under the laws of the State of Mississippi with its principal place of business in Madison County.

## BACKGROUND

### A.     "Meaningful Use" Legislation

11.     On or about February 17, 2009, the President signed into law a $789 billion federal economic stimulus package, formally known as the American Recovery and Reinvestment Act ("ARRA"). Included in the ARRA legislation lies the Health Information Technology for Economic and Clinical Health ("HITECH") Act. HITECH allocates $19 billion to hospitals and physicians who demonstrate "meaningful use" of electronic health records ("EHRs").

12.     Though Congress stated numerous goals in passing HITECH, among those highlighted by the Department of Health and Human Services were to help improve Americans' health, increased safety and privacy in the healthcare industry, and reduced healthcare costs through expanded use of EHRs.

13.    In addition to meeting the aforementioned goals, eligible professionals using certified EHR technology can qualify for incentive payments under the Medicare/Medicaid EHR Incentive Programs of up to $44,000 under Medicare and $63,750 under Medicaid.   For eligible professionals providing services in a Health Professional Shortage Area, such as Mississippi, additional incentives are available.

14.    Under HITECH, participation in the EHR Incentive Programs could begin as early as 2011. However, in order to get the maximum incentive payment, Medicare eligible professionals must begin participation by 2012.

**B.    The McKesson Defendants**

15.    McKesson Corporation is America's oldest and largest health care services company. Headquartered in San Francisco, California, McKesson employs more than 32,000 people worldwide and collected net revenues of over $112 billion in fiscal year 2011.

16.    McKesson Corporation is made up of many businesses, including McKesson Information Solutions, Inc., McKesson Information Solutions, LLC, and McKesson Technologies, Inc. (collectively "McKesson"). All of the businesses fall into one of two primary categories — distribution solutions or technology solutions.

17.    According to McKesson's website, its technology solutions customer base in the United States includes: 52% of all health systems, 80% of health systems with more than 200 beds, 20% of all physician practices, and 25% of home care agencies.[1]

18.    As part of its technology solutions business, McKesson advertises, markets, and sells software based on the claim such software meets EHR certification requirements under HITECH. Examples of such software are Practice Partner©, Medisoft Clinical©, and Lytec MD©,

---

[1] McKesson Provider Technologies, http://www.mckesson.com/en_us/McKesson.com/Our%2BBusinesses/McKesson%2BProvider%2BTechnologies/McKesson%2BProvider%2BTechnologies.html (last visited Nov. 9, 2011).

Such software is marketed as being easy to install, simple to use, more efficient, and instrumental in increasing physician productivity.

**FACTS**

19.     At all relevant times hereto, Plaintiff Indira, Inc., P.A., d/b/a Madison-Ridgeland Medical Clinic ("MRMC") operated a privately-owned outpatient medical clinic, incorporated under the laws of the State of Mississippi, with its principal place of business at 11 Professional Parkway; Ridgeland, Mississippi 39157.

20.     On or around June 1, 2010, MRMC entered into discussion with McKesson sales representatives regarding the possible purchase of certified EHR software which would meet the various qualifying standards under the HITECH Act.

21.     On or around July 8, 2010, McKesson sales representatives conducted a software demonstration at MRMC's principal place of business in Ridgeland, Mississippi. The software demonstration consisted of McKesson sales representatives showcasing the alleged capabilities and effectiveness of McKesson's Practice Partner© software.

22.     During the July 2010 demonstration, McKesson sales representatives assured MRMC that the demonstrated Practice Partner© software, among other things – but not limited to – met all EHR certification requirements and would effectively and efficiently interface with St. Dominic Hospital's existing patient records software.[2]

23.     Based on representations made by McKesson sales agents at the July 2010 demonstration, as well as other representations made after the demonstration, MRMC entered a contract with McKesson for the purchase of the Practice Partner© software on or about November 23, 2010. Installation of the Practice Partner© software began on or about January 10,

---

[2] Because MRMC-affiliated physicians saw patients at St. Dominic, effective and efficient interfacing between MRMC and St. Dominic's patient records software was vitally important.

2011. The software went "live" on or around June 29, 2011, meaning MRMC began actively using and incorporating the Practice Partner© software into its ordinary course of business.

24.    Immediately following implementation of the Practice Partner© software, MRMC began experiencing technical difficulties. Included in these difficulties is the inability of the Practice Partner© software to generate "meaningful use" reports, disqualifying MRMC from receiving the Medicaid/Medicare EHR Incentive Program payments. When questioned for assistance regarding the problems surrounding the "meaningful use" reports, McKesson simply sent MRMC a seventy-five (75) page manual and instructed MRMC to figure it out. Between the date of implementation and on or about October 18, 2011, MRMC sought technical support through McKesson's support call system on over thirty (30) occasions.

25.    Beginning on or around October 7, 2011, MRMC began to experience a gradual loss of data entered and saved into the Practice Partner© software.

26.    On or around October 18, 2011, MRMC experienced a massive data loss, completely losing all data that had been entered into the Practice Partner© software, including but not limited to, physician notes, patient prescriptions, and patient appointments dating from on or around June 29, 2011, until October 18, 2011.

27.    From on or around October 19, 2011 until on or around November 4, 2011, MRMC placed approximately nine (9) service calls to McKesson regarding the loss of data and seeking help in recovering the lost data.

28.    Despite McKesson's lack of technical support, MRMC staff and physicians were able to recover most of the lost data but were forced to transfer large amounts of data back to its old software system in order to continue its day-to-day operations. Recovery of the lost data remains ongoing. However, due to the immense amount of time having to be spent on the

recovery effort, MRMC staff and physicians have been forced to turn attention away from their primary goal of seeing patients in order to focus on the recovery process, causing MRMC to experience both economic and non-economic losses, including physical and emotional distress.

**COUNT ONE**
**FRAUD**

29.     MRMC hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

30.     MRMC and McKesson entered into a contract for the purpose of obtaining software McKesson represented to have certain characteristics.  McKesson conducted an on-site software demonstration at MRMC's principal place of business on or around July 8, 2010. During its presentation, McKesson made material representations to MRMC personnel regarding the functional capacity of the Practice Partner© software.  Among other things, McKesson represented to MRMC that the Practice Partner© software met all EHR certification requirements and would fluidly interface with St. Dominic's existing software.  Even more egregious, during its presentation, McKesson knowingly and willfully used a different version of the Practice Partner© software than what it ultimately sold MRMC.

31.     The representations mentioned above were false when McKesson made them in that the Practice Partner© software MRMC ultimately received was a mere shell of a software program, nothing like what McKesson presented to MRMC during its July 2010 demonstration. Additionally, the software completely failed, and continues to fail, to interface successfully with St. Dominic's existing software, but more importantly, fails to meet EHR requirements, thus causing MRMC to not qualify for the Medicare/Medicaid Incentive Program payments.

32.     McKesson knew the representations were false when it made them, or McKesson made the representations mentioned above with reckless disregard for their truth or falsity, in

that McKesson knew or should have known the software it sold MRMC did not meet EHR requirements, nor did it interface appropriately with St. Dominic's existing software. Additionally, McKesson knew or should have known the representations it made during its demonstration to MRMC were patently false in that McKesson intended to, and did, sell to MRMC a completely different software version from what it demonstrated.

33.    McKesson made the representations mentioned above with the intent and for the purpose of deceiving MRMC and to induce MRMC into relying on the representations for McKesson's own pecuniary benefit.

34.    MRMC was induced to enter the contract for the purchase of the Practice Partner© software and perform its duties in good faith based on reliance on the representations mentioned above. MRMC's reliance on said representations was reasonable under the circumstances, in that MRMC trusted McKesson when entering the contract and expected all representations made by McKesson and/or its agents to be true, accurate, and complete.

35.    As a direct and proximate result of the aforementioned actions and representations, MRMC suffered substantial pecuniary loss, to include economic and non-economic damages.

## COUNT TWO
## FRAUD IN THE INDUCEMENT

36.    MRMC hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

37.    MRMC and McKesson entered into a contract for the purpose of obtaining software McKesson represented to have certain characteristics. McKesson conducted an on-site software demonstration at MRMC's principal place of business on or around July 8, 2010. During its presentation, McKesson made material representations to MRMC personnel regarding

-8-

the functional capacity of the Practice Partner© software.  Among other things, McKesson represented to MRMC that the Practice Partner© software met all EHR certification requirements and would fluidly interface with St. Dominic's existing software.  Even more egregious, during its presentation, McKesson knowingly and willfully used a different version of the Practice Partner© software than what it ultimately sold MRMC.

38.    The representations mentioned above were false when McKesson made them in that the Practice Partner© software MRMC ultimately received was a mere shell of a software program, nothing like what McKesson presented to MRMC during its July 2010 demonstration. Additionally, the software completely failed, and continues to fail, to interface successfully with St. Dominic's existing software, but more importantly, fails to meet EHR requirements, thus causing MRMC to not qualify for the Medicare/Medicaid Incentive Program payments.

39.    McKesson knew the representations were false when it made them, or McKesson made the representations mentioned above with reckless disregard for their truth or falsity, in that McKesson knew or should have known  the software it sold MRMC did not meet EHR requirements, nor did it interface appropriately with St. Dominic's existing software. Additionally, McKesson knew or should have known the representations it made during its demonstration to MRMC were patently false in that McKesson intended to, and did, sell to MRMC a completely different software version from what it demonstrated.

40.    McKesson made the representations mentioned above with the intent and for the purpose of deceiving MRMC and to induce MRMC into relying on the representations for McKesson's own pecuniary benefit.

41.    MRMC was induced to enter the contract for the purchase of the Practice Partner© software and perform its duties in good faith based on reliance on the representations mentioned

above.  MRMC's reliance on said representations was reasonable under the circumstances, in

that MRMC trusted McKesson when entering the contract and expected all representations made

by McKesson and/or its agents to be true, accurate, and complete.  If not for McKesson's

fraudulent misrepresentations, MRMC would not have entered into the above mentioned

contract.

42.     As a direct and proximate result of the aforementioned actions and

representations, MRMC suffered substantial pecuniary loss, to include economic and non-

economic damages.

## COUNT THREE
## FRAUDULENT MISREPRESENTATION

43.     MRMC hereby alleges and adopts fully each and every preceding paragraph as set

forth herein and further alleges as follows:

44.     MRMC and McKesson entered into a contract for the purpose of obtaining

software McKesson represented to have certain characteristics.  McKesson conducted an on-site

software demonstration at MRMC's principal place of business on or around July 8, 2010.

During its presentation, McKesson made material representations to MRMC personnel regarding

the functional capacity of the Practice Partner$^{©}$ software.  Among other things, McKesson

represented to MRMC that the Practice Partner$^{©}$ software met all EHR certification requirements

and would fluidly interface with St. Dominic's existing software.  Even more egregious, during

its presentation, McKesson knowingly and willfully used a different version of the Practice

Partner$^{©}$ software than what it ultimately sold MRMC.

45.     The representations mentioned above were false when McKesson made them in

that the Practice Partner$^{©}$ software MRMC ultimately received was a mere shell of a software

program, nothing like what McKesson presented to MRMC during its July 2010 demonstration.

Additionally, the software completely failed, and continues to fail, to interface successfully with St. Dominic's existing software, but more importantly, fails to meet EHR requirements, thus causing MRMC to not qualify for the Medicare/Medicaid Incentive Program payments.

46.    McKesson knew the representations were false when it made them, or McKesson made the representations mentioned above with reckless disregard for their truth or falsity, in that McKesson knew or should have known the software it sold MRMC did not meet EHR requirements, nor did it interface appropriately with St. Dominic's existing software. Additionally, McKesson knew or should have known the representations it made during its demonstration to MRMC were patently false in that McKesson intended to, and did, sell to MRMC a completely different software version from what it demonstrated.

47.    McKesson made the representations mentioned above with the intent and for the purpose of deceiving MRMC and to induce MRMC into relying on the representations for McKesson's own pecuniary benefit.

48.    MRMC was induced to enter the contract for the purchase of the Practice Partner© software and perform its duties in good faith based on reliance on the representations mentioned above. MRMC's reliance on said representations was reasonable under the circumstances, in that MRMC trusted McKesson when entering the contract and expected all representations made by McKesson and/or its agents to be true, accurate, and complete.

49.    As a direct and proximate result of the aforementioned actions and representations, MRMC suffered substantial pecuniary loss, to include economic and non-economic damages.

## COUNT FOUR
## NEGLIGENT MISREPRESENTATION

50.    MRMC hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

51.    MRMC and McKesson entered into a contract for the purpose of obtaining software McKesson represented to have certain characteristics.  McKesson conducted an on-site software demonstration at MRMC's principal place of business on or around July 8, 2010. During its presentation, McKesson made negligent, material representations to MRMC personnel regarding the functional capacity of the Practice Partner© software.  Among other things, McKesson negligently represented to MRMC that the Practice Partner© software met all EHR certification requirements and would fluidly interface with St. Dominic's existing software. During its presentation, McKesson negligently used a different version of the Practice Partner© software than what it ultimately sold MRMC.

52.    The representations mentioned above were negligent when McKesson made them in that the Practice Partner© software MRMC ultimately received was a mere shell of a software program, nothing like what McKesson presented to MRMC during its July 2010 demonstration. Additionally, the software completely failed, and continues to fail, to interface successfully with St. Dominic's existing software, but more importantly, fails to meet EHR requirements, thus causing MRMC to not qualify for the Medicare/Medicaid Incentive Program payments.

53.    McKesson knew the representations were false when it made them, or McKesson negligently made the representations mentioned above with reckless disregard for their truth or falsity, in that McKesson knew or should have known the software it sold MRMC did not meet EHR requirements, nor did it interface appropriately with St. Dominic's existing software. Additionally, McKesson knew or should have known the representations it made during its

demonstration to MRMC were patently false in that McKesson intended to, and did, sell to MRMC a completely different software version from what it negligently demonstrated.

54.    MRMC was induced to enter the contract for the purchase of the Practice Partner© software and perform its duties in good faith based on reliance on the representations mentioned above. MRMC's reliance on said representations was reasonable under the circumstances, in that MRMC trusted McKesson when entering the contract and expected all representations made by McKesson and/or its agents to be true, accurate, and complete.

55.    As a direct and proximate result of the aforementioned actions and representations, MRMC suffered substantial pecuniary loss, to include economic and non-economic damages.

## COUNT FIVE
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

56.    MRMC hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

57.    In entering into a contract for the purchase of the Practice Partner© software, McKesson breached its implied duty of good faith and fair dealing.

58.    Because of McKesson's actions, MRMC had justifiable expectations regarding the Practice Partner© software and its operational capabilities. Aware of these expectations and of the purpose for which MRMC was purchasing the software, McKesson breached its duty of decency, fairness, and reasonableness by in turn delivering to MRMC the mere shell of a software system with no resemblance to that which they negligently and intentionally demonstrated to MRMC personnel during the July 2010 demonstration.

59.     As a direct and proximate result of the aforementioned actions and representations, MRMC suffered substantial pecuniary loss, to include economic and non-economic damages.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.     MRMC hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

61.     The acts of Defendants mentioned herein were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon MRMC.  Such acts were done in reckless disregard of the probability of causing MRMC emotional distress and said acts did in fact result in severe and extreme emotional distress.

62.     In only four (4) months, MRMC staff placed almost forty (40) service calls to Defendants seeking technical support for the failed software.  On October 19, 2011, MRMC suffered a complete loss of data, including the loss of physician notes, patient prescriptions, and patient appointments dating from on or around June 29, 2011, until October 18, 2011, causing MRMC staff and physicians much physical and emotional distress.  Being forced to focus on the recovery process, MRMC physicians and staff have in turn been compelled to turn their attention away from seeing patients and instead to focus on recovery of the lost information.  Such process has negatively affected MRMC physicians and staff both economically and non-economically, physically and emotionally.  In fact due to the time required by the recovery process and the non-existent help from Defendants, MRMC physicians have been forced to cease seeing hospital patients following clinical hours, much to the economic and non-economic detriment of MRMC.

63.     As a direct and proximate result of Defendants' acts alleged above, MRMC staff were caused to incur severe and grievous mental and emotional suffering, fright, fear, anguish,

nervousness, and anxiety. Plaintiff continues to suffer from the repercussions of this anxiety and nervousness.

**COUNT SEVEN**
**<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

64.     Plaintiff hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

65.     The acts of Defendants mentioned herein were with a disregard for the well-being of MRMC for which the Defendants knew or should have known that their actions would inflict emotional distress upon MRMC and its staff. Such acts were done in reckless disregard of the probability of causing MRMC staff emotional distress and said acts did in fact result in severe and extreme emotional distress.

66.     During the July 2010 demonstration performed by McKesson agents and/or representatives at MRMC's principle place of business, Defendants knew or should have known their actions would inflict emotional distress upon MRMC staff. Moreover, between June 29, 2011, and November 4, 2011, MRMC placed almost forty (40) service calls to Defendants seeking technical support with little to no response from Defendants. Defendants knew or should have known such conduct would inflict serious emotional distress upon MRMC staff.

67.     As a direct and proximate result of Defendants' acts alleged above, MRMC staff were caused to incur severe and grievous mental and emotional suffering, fright, fear, anguish, nervousness, and anxiety. Plaintiff continues to suffer from the repercussions of this anxiety and nervousness.

-15-

## COUNT EIGHT
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

68.    Plaintiff hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

69.    The acts of Defendants as described herein were intentional and willful acts, were calculated to cause damage to MRMC in its lawful business, were done with the unlawful purpose of causing damage and loss to MRMC, and were done without right or justifiable cause on the part of Defendants.

70.    As described herein, Defendants McKesson intentionally and willfully committed tortious acts calculated to cause damage to MRMC in its lawful business of providing outpatient medical services, including, but not limited to, demonstrating software during the July 2010 demonstration resembling nothing like what Defendants ultimately sold MRMC; failing to provide technical support to MRMC despite almost forty (40) requests, and; making false representations to MRMC staff regarding the software's EHR capabilities.

71.    As a direct and proximate result of Defendants' tortious acts, MRMC significantly suffered both economic and non-economic damages, including, but not limited to, loss of patient information, missed patient appointments causing lost revenue, lost time spent focusing on recovering data wiped out in the October 19, 2011, crash, and significant pecuniary losses due to MRMC physicians no longer being able to make hospital visits.

## COUNT NINE
## DEFENDANTS JOHN DOE #1 THROUGH JOHN DOE #10

72..    Plaintiff hereby alleges and adopts fully each and every preceding paragraph as set forth herein and further alleges as follows:

73.    The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants John Doe #1 through John Doe #10, inclusive are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe are responsible in some manner for the events and happenings as herein referred to and proximately caused pecuniary loss and emotional damages to the Plaintiffs.

74.    At all times mentioned herein, each of the Defendant Does respectively were the agents and/or employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency, employment, and/or apparent agency.  At all times, Defendants ratified the actions of John Does #1 through #10.  Plaintiff requests leave of the Court to amend and insert the exact names and addresses when ascertained.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff MRMC requests this Court grant the following relief against all Defendants as follows:

1.    an order finding, as a matter of law, the alleged contract entered into on November 23, 2010, to be null and void due to Defendants' fraud in the inducement;

2.    a preliminary prohibitive injunction against all Defendants prohibiting Defendants from seeking remuneration, compensation, or payments from Plaintiff, in any form, based on the alleged November 23, 2010, (void) contract;

3.    an award of compensatory damages to the Plaintiff in such amount as is proved at trial;

4.      an award requiring disgorgement by each Defendant of all profits and gains earned in whole or in part through the fraudulent, unfair, and/or deceptive acts or practices complained of herein;

5.      an award of punitive damages;

6.      an award of costs and prejudgment and postjudgment interest.;

7.      an award of attorney's fees; and

7.      such other and further relief as the Court may deem appropriate and just.

**RESPECTFULLY SUBMITTED**, this, the 20th day of December, 2011.

                          **MADISON-RIDGELAND MEDICAL CLINIC**

                    BY:   _____
                          Ronnie Musgrove (MSB# 3698)
                          Michael S. Smith, II (MSB# 103575)

**OF COUNSEL:**

COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form ADC/01
(Revised 1/1/2001)

**Court Identification**
Docket Number

| 4 | 5 | / | / | C | H |
|---|---|---|---|---|---|

County#  Judicial  Court ID
District (CH, CI, CO)

**Case Year**

| 2 | 0 | 1 | 1 |

**Docket Number**

| 1 | 2 | 9 | 5 |

Local Docket ID

| / | 2 | / | 2 | 0 | / | / |

Month    Date    Year

This area to be completed by clerk

Case Number if filed prior to 1/1/94

IN THE __CHANCERY__ COURT OF __MADISON__ COUNTY

Short Style of Case:  __Indira, Inc. v. McKesson Corporation, et al__

Party Filing Initial Pleading: Type/Print Name  __Ronnie Musgrove__    MS Bar No.  __3698__

____ Check (✓) if Not an Attorney    Check (✓) if *Pro Hac Vice* ☐   Signature  *Ronnie Musgrove*

Compensatory Damages Sought:  $ _____    Punitive Damages Sought: $ _____

**Is Child Support contemplated as an issue in this suit?**   ____ Yes   _✓_ No    If "yes" is checked, please submit a completed Child Support
Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual _____  (  _____  )  _____  _____
                        Last Name                    First Name              Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

Address of Plaintiff _____

____ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business __Indira, Inc.__
                    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

_✓_ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: __Madison Ridgeland Medical Clinic, LLC__

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____  (  _____  )  _____  _____
                        Last Name                    First Name              Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business __McKesson Corporation; One Post Street, San Francisco, CA; Incorporated in Delaware__
                    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: ____  Bar No. _____  or  Name: _____  *Pro Hac Vice* (✓) ☐
(if known)

*In left hand column, check one (1) box that best describes*
*the nature of this suit. In right hand column check all*
*boxes which indicate secondary claims.*

**Business/Commercial**
☐ Accounting (Business)
☐ Bankruptcy
☐ Business Dissolution - Corporation
☐ Business Dissolution - Partnership
☐ Debt Collection
☐ Employment
☐ Examination of Debtor
☐ Execution
☐ Foreign Judgment
☐ Garnishment
☐ Pension
☐ Receivership
☐ Replevin
☐ Stockholder Suit
☐ Other

**Domestic Relations**
☐ Child Custody/Visitation
☐ Child Support
☐ Contempt
☐ Divorce: Fault
☐ Divorce: Irreconcilable Differences
☐ Domestic Abuse
☐ Emancipation
☐ Modification
☐ Paternity
☐ Property Division
☐ Separate Maintenance
☐ Termination of Parental Rights
☐ UIFSA (formerly URESA)
☐ Other

**Contract**
☐ Breach of Contract
☐ Installment Contract
☐ Insurance
☐ Product Liability under Contract
☐ Specific Performance
☐ Other

**Probate**
☐ Accounting (Probate)
☐ Birth Certificate Correction
☐ Commitment
☐ Conservatorship
☐ Guardianship
☐ Heirship
☐ Intestate Estate
☐ Minor's Settlement
☐ Muniment of Title
☐ Name Change
☐ Power of Attorney
☐ Testate Estate
☐ Will Contest
☐ Other

**Statutes/Rules**
☐ Bond Validation
☐ Civil Forfeiture
☐ Declaratory Judgment
☐ ERISA
☐ Eminent Domain
☐ Extraordinary Writ
☐ Federal Statutes
☑ Injunction or Restraining Order
☐ Municipal Annexation
☐ Racketeering (RICO)
☐ Railroad
☐ Seaman
☐ Other

**Appeals**
☐ Administrative Agency
☐ County Court
☐ Hardship Petition (Driver License)
☐ Justice Court
☐ MS Employm't Security Comm'n
☐ Municipal Court
☐ Oil & Gas Board
☐ Workers' Compensation
☐ Other

**Children and Minors - Non-Domestic**
☐ Adoption - Noncontested
☐ Consent to Abortion for Minor
☐ Removal of Minority
☐ Other

**Torts-Personal Injury**
☐ Bad Faith
☐ Fraud
☐ Loss of Consortium
☐ Malpractice - Legal
☐ Malpractice - Medical
☐ Negligence - General
☐ Negligence - Motor Vehicle
☐ Products Liability
☐ Wrongful Death
☐ Other

**Mass Tort**
☐ Asbestos
☐ Chemical Spill
☐ Dioxin
☐ Hand/Arm Vibration
☐ Hearing Loss
☐ Radioactive Materials
☐ Other

**Real Property**
☐ Adverse Possession
☐ Ejectment
☐ Eminent Domain
☐ Judicial Foreclosure
☐ Lien Assertion
☐ Partition
☐ Receiver Appointment
☐ Tax Sale: Confirmation/Cancellation
☐ Title, Boundary &/or Easement
☐ Other

**Civil Rights**
☐ Elections
☐ Habeas Corpus
☐ Post Conviction Relief
☐ Prisoner
☐ Other

IN THE __CHANCERY___ COURT OF __MADISON_____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____                    Docket No. If Filed
      File Yr    Chronological No.    Clerk's Local ID          Prior to 1/1/94

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual:** _____ ( _____ ) _____ _____
              Last Name         First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _McKesson Information Solutions, Inc.; 5995 Windward Parkway, Alpharetta, GA; Incorporated in Delaware_____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ ( _____ ) _____ _____
              Last Name         First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _McKesson Information Solutions, LLC; 2711 Centerville Road, Wilmington, DE; Incorporated in Delaware_____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ ( _____ ) _____ _____
              Last Name         First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _McKesson Technologies, Inc.; 5995 Windward Parkway, Alpharetta, GA; Incorporated in Delaware_____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a
**MADISON-RIDGELAND MEDICAL, LLC**                                          **PLAINTIFF**

**V.**                                          CIVIL ACTION NO. _2011-1295-B_

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
**JOHN DOES 1-10**                                          **DEFENDANTS**

---

### SUMMONS

---

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

TO:    **McKesson Corporation**
       **c/o CSC of Rankin County, Registered Agent**
       **2829 Lakeland Drive, Suite 1502**
       **Jackson, Mississippi 39232-7611**

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following
address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157
or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint. You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

ISSUED, UNDER MY HAND AND SEAL, THIS _20th_ DAY OF DECEMBER, 2011.

                                          ARTHUR JOHNSTON, CHANCERY CLERK
                                          OF MADISON COUNTY, MISSISSIPPI

                                          By: _Kim Sievers, D.C._

## PROOF OF SERVICE - SUMMONS
(Process Server)

### CSC OF RANKIN COUNTY, REGISTERED AGENT

I,_____, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the ____ day of _____, 20___, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County. I served the summons and complaint on the ___ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:    $ 0.00_____

Process server must list below: [Please print or type]

Name:            _____
Address:         _____
                 _____
Telephone No.:   _____

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _____ day of _____, 20____.

_____
NOTARY PUBLIC

My Commission Expires:

_____

### IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a
**MADISON-RIDGELAND MEDICAL, LLC**                                   **PLAINTIFF**

**V.**                                   CIVIL ACTION NO. _2011-1295-B_

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
**JOHN DOES 1-10**                                   **DEFENDANTS**

---

#### SUMMONS

---

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

**TO:**   **McKesson Information Solutions, Inc.**
          **c/o Corporation Service Company, Registered Agent**
          **506 South President Street**
          **Jackson, Mississippi 39201**

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157 or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

        ISSUED, UNDER MY HAND AND SEAL, THIS _30th_ DAY OF DECEMBER, 2011.

                              ARTHUR JOHNSTON, CHANCERY CLERK
                              OF MADISON COUNTY, MISSISSIPPI

                              By: _Kim Silvers, D.C._

<u>PROOF OF SERVICE – SUMMONS</u>
(Process Server)

<u>CORPORATION SERVICE COMPANY, REGISTERED AGENT</u>

I,_____, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

_____ PERSONAL SERVICE. I personally delivered copies to _____on the _____day of_____, 20___, where I found said person(s) in Hinds County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within Hinds County. I served the summons and complaint on the ___ day of_____, 20____, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____day of_____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:   $ 0.00_____

Process server must list below:  [Please print or type]

Name:
Address:
Telephone No.:

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _____day of_____, 20___.

_____
NOTARY PUBLIC

My Commission Expires:

_____

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a
MADISON-RIDGELAND MEDICAL, LLC                                    **PLAINTIFF**

V.                                    CIVIL ACTION NO. *2011- 1295-B*

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10                                                   **DEFENDANTS**

---

### SUMMONS

---

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

TO:   **McKesson Information Solutions, LLC**
      **c/o The Prentice-Hall Corporation System, Inc., Registered Agent**
      **506 South President Street**
      **Jackson, Mississippi 39201**

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157 or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED, UNDER MY HAND AND SEAL, THIS *20th* DAY OF DECEMBER, 2011.

ARTHUR JOHNSTON, CHANCERY CLERK
OF MADISON COUNTY, MISSISSIPPI

By: *Kim Siwers, D.C.*

## PROOF OF SERVICE - SUMMONS
(Process Server)

THE PRENTICE-HALL CORPORATION SYSTEM, INC., REGISTERED AGENT

I, _____, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

_____   PERSONAL SERVICE. I personally delivered copies to _____ on the ____ day of _____, 20___, where I found said person(s) in Hinds County of the State of Mississippi.

_____   RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within Hinds County. I served the summons and complaint on the ___ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:   $ 0.00_____

Process server must list below: [Please print or type]

Name:          _____
Address:       _____
               _____
Telephone No.: _____

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _____ day of _____, 20___.

_____
NOTARY PUBLIC

My Commission Expires:

_____

**IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
ELEVENTH CHANCERY DISTRICT**

INDIRA, INC., P.A., d/b/a
MADISON-RIDGELAND MEDICAL, LLC                                    **PLAINTIFF**

V.                                      CIVIL ACTION NO. *2011-1295-B*

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10                                              **DEFENDANTS**

---

### SUMMONS

---

**STATE OF MISSISSIPPI
COUNTY OF MADISON**

TO:     **McKesson Techonologies, Inc.
        c/o CSC of Rankin County, Registered Agent
        2829 Lakeland Drive, Suite 1502
        Jackson, Mississippi 39232-7611**

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to
Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following
address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157
or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint. You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

        ISSUED, UNDER MY HAND AND SEAL, THIS 20th DAY OF DECEMBER, 2011.

                                ARTHUR JOHNSTON, CHANCERY CLERK
                                OF MADISON COUNTY, MISSISSIPPI

                                By: _Kim Silvers, D.C._

## PROOF OF SERVICE - SUMMONS
(Process Server)

CSC OF RANKIN COUNTY, REGISTERED AGENT

I,_____, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____day of _____, 20___, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County. I served the summons and complaint on the ___ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:    $ 0.00_____

Process server must list below:  [Please print or type]

Name:            _____
Address:         _____
                 _____
Telephone No.:   _____

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _____ day of _____, 20____.

_____
NOTARY PUBLIC

My Commission Expires:

_____

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
## ELEVENTH CHANCERY DISTRICT

**INDIRA, INC., P.A., d/b/a**
**MADISON-RIDGELAND MEDICAL, LLC**                                **PLAINTIFF**

**V.**                                CIVIL ACTION NO. *2011-1295-B*

**MCKESSON CORPORATION; MCKESSON**
**INFORMATION SOLUTIONS, INC.;**
**MCKESSON INFORMATION SOLUTIONS, LLC;**
**MCKESSON TECHNOLOGIES, INC.; and**
**JOHN DOES 1-10**                                **DEFENDANTS**

---

### SUMMONS

---

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

**TO:** McKesson Information Solutions, LLC
c/o The Prentice-Hall Corporation System, Inc., Registered Agent
506 South President Street
Jackson, Mississippi 39201

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157 or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED, UNDER MY HAND AND SEAL, THIS 20th DAY OF DECEMBER, 2011.

ARTHUR JOHNSTON, CHANCERY CLERK
OF MADISON COUNTY, MISSISSIPPI

By: *Kim Sievers, D.C.*



<u>PROOF OF SERVICE - SUMMONS</u>
(Process Server)

<u>THE PRENTICE-HALL CORPORATION SYSTEM, INC., REGISTERED AGENT</u>

I, _Al Tate_, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

✓ PERSONAL SERVICE. I personally delivered copies to _Danny L. Perry of Prentice Hall_ on the _21_ day of _December_, 20 _11_, where I found said person(s) in Hinds County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within Hinds County. I served the summons and complaint on the ___ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:    $_0.00_____

Process server must list below: [Please print or type]

Name:            _Al Tate_
Address:         _P.O. Box 6020_
                 _Ridgeland MS 39158_
Telephone No.:   _601-856-7200_

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Al Tate_, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _21st_ day of _Dec._, 20_11_.

_Tina R. Copeland_
NOTARY PUBLIC

My Commission Expires:
_05/18/2012_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 27795
TINA R. COPELAND
Commission Expires
May 14, 2012
RANKIN COUNTY

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

**INDIRA, INC., P.A., d/b/a**
**MADISON-RIDGELAND MEDICAL, LLC**                                    **PLAINTIFF**

**V.**                                    CIVIL ACTION NO. 2011-1295-B

**MCKESSON CORPORATION; MCKESSON**
**INFORMATION SOLUTIONS, INC.;**
**MCKESSON INFORMATION SOLUTIONS, LLC;**
**MCKESSON TECHNOLOGIES, INC.; and**
**JOHN DOES 1-10**                                    **DEFENDANTS**

---

### SUMMONS

---

**STATE OF MISSISSIPPI**
**COUNTY OF MADISON**

**TO:**    McKesson Information Solutions, Inc.
            c/o Corporation Service Company, Registered Agent
            506 South President Street
            Jackson, Mississippi 39201

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157 or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED, UNDER MY HAND AND SEAL, THIS 20th DAY OF DECEMBER, 2011.

ARTHUR JOHNSTON, CHANCERY CLERK
OF MADISON COUNTY, MISSISSIPPI

By: _Kim Sievers, D.C_



## PROOF OF SERVICE - SUMMONS
### (Process Server)

CORPORATION SERVICE COMPANY, REGISTERED AGENT

I, _Al Tate_, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

☑ PERSONAL SERVICE. I personally delivered copies to _Danny L Perry_ of _Prentice Hall_ on the _21st_ day of _December_, 20 _11_, where I found said person(s) in Hinds County of the State of Mississippi.

____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within Hinds County. I served the summons and complaint on the ____ day of _____, 20 ____, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20 ___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:   $ _0.00_

Process server must list below:  [Please print or type]

Name: _Al Tate_
Address: _P.o. Box 6020_
_Ridgeland, MS 39158_
Telephone No.: _601-856-7200_

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Al Tate_, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _21st_ day of _Dec._, 20 _11_.

_Tina R. Copeland_
NOTARY PUBLIC

My Commission Expires:

_05/18/2012_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 27795
TINA R. COPELAND
Commission Expires
May 18, 2012
RANKIN COUNTY

**IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI**
**ELEVENTH CHANCERY DISTRICT**

INDIRA, INC., P.A., d/b/a
MADISON-RIDGELAND MEDICAL, LLC

                                          **PLAINTIFF**

V.                          CIVIL ACTION NO. **2011-1295-B**

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10                                **DEFENDANTS**

---

## SUMMONS

---

STATE OF MISSISSIPPI
COUNTY OF MADISON

TO:    McKesson Corporation
        c/o CSC of Rankin County, Registered Agent
        2829 Lakeland Drive, Suite 1502
        Jackson, Mississippi 39232-7611

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to
Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following
address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157
or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint. You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

      ISSUED, UNDER MY HAND AND SEAL, THIS 20th DAY OF DECEMBER, 2011.

                          ARTHUR JOHNSTON, CHANCERY CLERK
                          OF MADISON COUNTY, MISSISSIPPI

                          By: *Kim Sievers, D.C*

PROOF OF SERVICE - SUMMONS
(Process Server)

CSC OF RANKIN COUNTY, REGISTERED AGENT

I, _A. Tate_, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

✓ PERSONAL SERVICE. I personally delivered copies to _Kasey Wilbanks of CSC_ on the 21st day of _December_, 20_11_, where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within_____County. I served the summons and complaint on the ___ day of_____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ _____ who is the_____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of_____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:    $_0.00_____

Process server must list below:  [Please print or type]

Name:        _A. Tate_
Address:     _P.O. Box 6030_
             _Ridgeland, MS  39158_
Telephone No.:  _601-856-7200_

STATE OF MISSISSIPPI
COUNTY OF MADISON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _A. Tate_, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _21st_ day of _Dec._, 20_11_.

_Tina R. Copeland_
NOTARY PUBLIC

My Commission Expires:

_05/18/2012_

STATE OF MI
NOTARY PUBLIC
ID # 27795
TINA R. COPELAND
Commission Expires
May 18, 2012
RANKIN COUNTY

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a
MADISON-RIDGELAND MEDICAL, LLC                          **PLAINTIFF**

**V.**                           CIVIL ACTION NO. *2011-1295-B*

MCKESSON CORPORATION; MCKESSON
INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10                                          **DEFENDANTS**

---

### SUMMONS

---

STATE OF MISSISSIPPI
COUNTY OF MADISON

TO:    McKesson Techonologies, Inc.
       c/o CSC of Rankin County, Registered Agent
       2829 Lakeland Drive, Suite 1502
       Jackson, Mississippi 39232-7611

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to
Ronnie Musgrove, Esq., or Michael S. Smith, II, Esq., attorneys for Plaintiff, at the following
address: 1076 Highland Colony Parkway, 600 Concourse, Suite 100, Ridgeland, Mississippi 39157
or Post Office Box 6020, Ridgeland, Mississippi 39158, within thirty (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint.  You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

    ISSUED, UNDER MY HAND AND SEAL, THIS 20th DAY OF DECEMBER, 2011.

                          ARTHUR JOHNSTON, CHANCERY CLERK
                          OF MADISON COUNTY, MISSISSIPPI

                          By: _Kim Sievers, D.C_



PROOF OF SERVICE - SUMMONS
(Process Server)

CSC OF RANKIN COUNTY, REGISTERED AGENT

I, _Al Tate_, the undersigned process server, served the Summons, Complaint and Civil Cover Sheet, for or upon the person or entity named above in the manner set forth below:

21st ✓    PERSONAL SERVICE. I personally delivered copies to _Kasey Wilbanks of CSC_ on the 21st day of _December_, 20_11_, where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____    RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County. I served the summons and complaint on the ____ day of _____, 20 ___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20 ___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service:    $ _0.00_

Process server must list below: [Please print or type]

Name:    _Al Tate_
Address:    _P.O. Box 6020_
_Ridgeland MS 39158_
Telephone No.:    _601- 856- 7200_

STATE OF MISSISSIPPI
COUNTY OF MADISON

_Al Tate_ Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

PROCESS SERVER (Signature)

Sworn to and subscribed before me, this the _21st_ day of _Dec._, 20_11_.

_Tina R. Copeland_
NOTARY PUBLIC

My Commission Expires:

_05/18/2012_

STATE OF MISSISSIPPI NOTARY PUBLIC
ID # 27795
TINA R. COPELAND
Commission Expires
May 18, 2012
RANKIN COUNTY

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
### ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a MADISON-RIDGELAND
MEDICAL CLINIC

VS.                                                   CIVIL ACTION NO. 2011-CV-1295

MCKESSON CORPORATION;
MCKESSON INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10

---

### ENTRY OF APPEARANCE

---

**COMES NOW** Michael S. Smith, II, of the law firm of COPELAND, COOK, TAYLOR

& BUSH, P.A., Post Office Box 6020; Ridgeland, Mississippi 39158, and hereby enters his

appearance as one of the counsel of record for Madison-Ridgeland Medical Center, the Plaintiff

in the above action.

**RESPECTFULLY SUBMITTED**, this, the 13th day of January, 2012.

MADISON-RIDGELAND MEDICAL CLINIC

BY: _____

Ronnie Musgrove (MSB # 3698)
Michael S. Smith, II (MSB# 103575)

**OF COUNSEL:**

COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626

## CERTIFICATE OF SERVICE

I hereby certify that I have on this, the ___ day of January, 2012, served a copy of the foregoing by mailing same by United States First Class Mail, properly addressed and postage prepaid to the following:

Charles E. Griffin, Esq.
John H. Dollarhide, Esq.
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
P. O. Box 6010
Ridgeland, MS  39158-6010

Michael S. Smith, II

**IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
ELEVENTH CHANCERY DISTRICT**

INDIRA, INC., P.A., d/b/a MADISON-RIDGELAND
MEDICAL CLINIC

VS.                                                    CIVIL ACTION NO. 2011-CV-1295

MCKESSON CORPORATION;
MCKESSON INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10

---

### NOTICE OF SERVICE

---

NOTICE IS HEREBY GIVEN, that the Plaintiff, Indira, Inc., P.A., d/b/a Madison-

Ridgeland Medical Clinic has served the following upon all counsel of record:

1. **Plaintiff's First Set of Interrogatories and Request for Production of Documents to McKesson Technologies, Inc.; and,**

2. **Plaintiff's First Set of Interrogatories and Request for Production of Documents to McKesson Information Solutions, LLC.**

The undersigned retains the originals of the above papers as custodian thereof pursuant to

the Local Rules of Civil Procedure.

THIS, the 13th day of January, 2012.

                    **MADISON-RIDGELAND MEDICAL CLINIC**

            By: _____
                    Ronnie Musgrove (MSB # 3698)
                    Michael S. Smith, II (MSB# 103575)

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile:  (601) 856-7626

## CERTIFICATE OF SERVICE

I hereby certify that I have on this, the 13th day of January, 2012, served a copy of the foregoing by mailing same via Hand Delivery, properly addressed and postage prepaid to the following:

Charles E. Griffin, Esq.
John H. Dollarhide, Esq.
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
P. O. Box 6010
Ridgeland, MS  39158-6010

Michael S. Smith, II

## IN THE CHANCERY COURT OF MADISON COUNTY, MISSISSIPPI
## ELEVENTH CHANCERY DISTRICT

INDIRA, INC., P.A., d/b/a MADISON-RIDGELAND
MEDICAL CLINIC

VS.                                              CIVIL ACTION NO. 2011-CV-1295

MCKESSON CORPORATION;
MCKESSON INFORMATION SOLUTIONS, INC.;
MCKESSON INFORMATION SOLUTIONS, LLC;
MCKESSON TECHNOLOGIES, INC.; and
JOHN DOES 1-10

---

### NOTICE OF SERVICE

---

NOTICE IS HEREBY GIVEN, that the Plaintiff, Indira, Inc., P.A., d/b/a Madison-

Ridgeland Medical Clinic has served the following upon all counsel of record:

1. **Plaintiff's First Set of Interrogatories and Request for Production of Documents to McKesson Technologies, Inc.; and,**

2. **Plaintiff's First Set of Interrogatories and Request for Production of Documents to McKesson Information Solutions, LLC.**

The undersigned retains the originals of the above papers as custodian thereof pursuant to

the Local Rules of Civil Procedure.

THIS, the 13th day of January, 2012.

**MADISON-RIDGELAND MEDICAL CLINIC**

By: _____
Ronnie Musgrove (MSB # 3698)
Michael S. Smith, II (MSB# 103575)

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile:  (601) 856-7626

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this, the 13th day of January, 2012, served a copy of the foregoing by mailing same via Hand Delivery, properly addressed and postage prepaid to the following:

Charles E. Griffin, Esq.
John H. Dollarhide, Esq.
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
P. O. Box 6010
Ridgeland, MS  39158-6010

Michael S. Smith, II